UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

IN RE:   Nicole Vincent,	Case #12-10025-JMD
         Debtor	Chapter 13

ORDER CONFIRMING DEBTOR'S AMENDED CHAPTER 13 PLAN
DATED MARCH 16, 2012
AND
ORDER SETTING DEADLINES FOR CERTAIN ACTIONS

After notice and due consideration regarding the confirmation of the Debtor's Amended Chapter 13 Plan, the Court finds that the Plan complies with all provisions of the United States Bankruptcy Code and that it is in the best interests of all creditors, the Debtors and the estate.

It is hereby ORDERED that the Debtor's Amended Chapter 13 Plan dated March 16, 2012 is confirmed as filed or as modified at the plan confirmation hearing, subject to (i) resolution of actions to determine the avoidability, priority, or extent of liens, (ii) resolution of all disputes over the amount and allowance of claims entitled to priority, (iii) resolution of actions to determine the allowed amount of secured claims, and (iv) resolution of all objections to claims.  Terms of the Debtor's Amended Plan not expressly modified by this order are incorporated in this order and made a part hereof by reference.

**I.  The Court retains jurisdiction to make such other and further orders as may be necessary or appropriate to effectuate the plan and this order.**

   A.  The Debtor shall make payments of $272.00 per month for 60 months, commencing February 5, 2012.  The total of all Plan payments will be $16,320.00.  In addition, any annual tax refunds received in excess of $1,200.00 shall be remitted to the Chapter 13 Trustee as additional Plan payments.

   B.  The Plan is confirmed on an interim basis to provide payment to secured and priority creditors pursuant to their timely filed claims.  The Trustee is authorized to make distributions to such creditors from plan payments with percentage fee.  The amount available for allowed unsecured claimants will be determined following notice and hearing after the bar date for filing claims has passed.

**C. The claims as of the date of this motion are as follows:**
   1. Wells Fargo Home Mortgage (residential first mortgage arrearage per Plan; subject to Proof of Claim being filed)   14,000.00
   2. Citizens Bank (residential second mortgage arrearage claim; per Proof of Claim)   252.00
   3. Citizens Bank (residential third mortgage arrearage claim; per Proof of Claim)   162.00
   4. HSBC (secured motorcycle loan re 2009 Yamaha; see Special Provisions below)
   5. Chapter 13 Trustee fees and expenses   1,632.00

**D. Secured claims with regularly scheduled payments to be made directly by the debtors:**

   Wells Fargo Home Mortgage (residential first mortgage re 87 High Road, Lee, New Hampshire)

   Citizens Bank (residential second mortgage re 87 High Road, Lee, New Hampshire)

   Citizens Bank (residential third mortgage re 87 High Road, Lee, New Hampshire)

**II. Special Provisions:**

   1. That the debtor will surrender the 2009 Yamaha motorcycle to its lienholder, HSBC.

**III. It is FURTHER ORDERED as follows:**

A.  If the Plan contemplates litigation or the sale of assets as a source of funding, the Debtor shall file application(s) to employ the necessary professionals within 30 days of the date of this order.

B.  As soon as practicable after the claims bar date, but no later than 90 days thereafter, the Debtor or the Trustee shall file a Motion to Allow Claims and, if warranted, a Motion to Avoid Judicial Liens.  Upon entry of an Order on such motion(s), the Plan shall be deemed amended to conform to the Order.  If the Motion to Allow Claims is not filed within that time, the Court may order the Debtor to show cause why the case should not be dismissed or converted or why an order should not enter allowing all claims as filed.  Failure to file a motion seeking avoidance of judicial liens within the time provided by this paragraph does not bar such a motion at a later time.

C.  Except as otherwise addressed in the Motion to Allow Claims, all objections to claims, all actions to determine the avoidability, priority or extent of liens, all actions concerning the allowance or amount of claims entitled to priority under Sec. 507, and all actions to determine value of collateral pursuant to Sec. 506, shall be filed no later than 30 days after the Motion to Allow Claims.

**ORDER:**

After due consideration, the Debtor's Amended Plan dated March 16, 2012 is hereby confirmed.

/s/ J. Michael Deasy                April 27, 2012
_____
Bankruptcy Judge